FILED

**NOT FOR PUBLICATION**

JUN 28 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DONALD ROBIN LEACH,

        Plaintiff - Appellee,

  v.

T. DREW, Correctional Officer; et al.,

        Defendants - Appellants,

  and

LOWE, Correctional Officer,

        Defendant.

No. 08-15692

DC No. CV 00-6139 LJO

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted June 18, 2010[**]
San Francisco, California

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2)(C).

Before:    TASHIMA and BEA, Circuit Judges, and READE, District Judge.***

Appellants Carey, Drew, Schroeder, and Haws (collectively, "Appellants") appeal for the second time the district court's denial of their motion for summary judgment on the issue of qualified immunity. Appellee, California inmate Donald R. Leach ("Leach"), alleges that Appellants violated 42 U.S.C. § 1983 when they failed to protect him after they were forewarned that he was the target of an imminent assault.

Our review of the district court's order is limited to a single question: whether Leach's Eight Amendment rights were clearly established at the time he was assaulted. We review this question of law *de novo*, *Brooks v. City of Seattle*, 599 F.3d 1018, 1021 (9th Cir. 2010), and we affirm.

The assault on Leach, as well as its prior warning, occurred in August 1999. As early as June 1994, it was clearly established that "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners," and that a prison official violates an inmate's Eighth Amendment rights when the prison official exhibits deliberate indifference to the inmate's safety. *Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994). By 1996, our decisions had made clear that prison

---

*** The Honorable Linda R. Reade, Chief United States District Judge, Northern District of Iowa, sitting by designation.

officials have a duty to "take reasonable measures to protect inmates from violence at the hands of other prisoners." *Robinson v. Prunty*, 249 F.3d 862, 866 (9th Cir. 2001). These and other cases had established that the failure of a prison official to respond to a known, credible threat to an inmate's safety constituted a violation of the inmate's Eighth Amendment rights. *See Berg v. Kincheloe*, 794 F.2d 457, 460-61 (9th Cir. 1986).

Appellants were explicitly warned that an assault on Leach was imminent, and there are facts in the record upon which a reasonable jury may find that the warning was credible. The guards did not protect Leach; they neither placed him in administrative segregation nor warned him of the threat to his life. *See* 15 Cal. Code Reg. § 3335(a) (mandating immediate administrative segregation when an inmate's safety is threatened); *Hope v. Pelzer*, 536 U.S. 730, 744 (2002) (relying in part on Alabama Department of Corrections regulation to conclude that use of "hitching post" violated an inmate's clearly established Eighth Amendment rights).

Viewing the facts in the light most favorable to Leach, Appellants received credible information about a serious and immediate threat to Leach's safety but took no meaningful steps to address it. A reasonable officer would have understood that delaying a response to the threat would constitute deliberate

indifference.[1]  Accordingly, the district court's order denying Appellants' motion

for summary judgment based on qualified immunity is

**AFFIRMED.**

---

[1]      Appellants contend that they were unsure whether the informant was reliable.  The reliability of the informant, however, is a controverted issue of fact that we cannot review on this interlocutory appeal.  *See Jeffers v. Gomez*, 267 F.3d 895, 903 (9th Cir. 2001) (per curiam).